## TURCOTT v. HALL.

1. The act of the 9th of December, 1841, "For the better securing mechan-
ics in the city and county of Mobile," which provides a summary and ex-
traordinary remedy, where the work shall be done towards "the erection
or construction of any building," in that city or county, by a journeyman,
laborer, cartman, sub-contractor, &c. cannot be construed to give the re-
medy, provided, to one who has laboured *under employment* by a sub-con-
tractor.

2. Where it is obvious from the proof furnished by the plaintiff himself, that
he is not entitled to recover, no matter what may be the ruling of the
Court upon other points raised in the cause by a prayer for instructions to
the jury, an appellate Court should not reverse a judgment which has been
rendered in favor of the defendant.

Writ of Error to the Circuit Court of Mobile.

THIS was an action of assumpsit at the suit of the plaintiff in
error.   The declaration contains the common counts ; in the first
of which it is stated that the work and labor done by the plaintiff
was in the erection of a dwelling house in the city of Mobile, "ex-
ecuted under a contract between the said defendant and one Jas.
S. Deas. for the said defendant, and at his special instance and
request."   To the first count there was a demurrer, and to the

others the defendant pleaded *non assumpsit.* No notice was taken of the demurrer, but the cause was submitted to a jury, on issue joined, a verdict returned for the defendant, and judgment rendered accordingly.

On the trial, the plaintiff excepted to the ruling of the presiding judge. From the bill of exceptions it appears, that the plaintiff offered in evidence the following paper, viz:

*Mr. Samuel Elliott,*          *To Amarble Turcott,*          *Dr.*

" To 32 days work on Mr. Hall's house in Government street, Mobile (as a journeyman carpenter,) viz: from 9th December, 1841, to January, 1 th following, at $2 50 per day,. . . .$80 00
" The above sum is justly due me for work performed as above specified. Mobile, January 31st, 1842.

AMARBLE TURCOTT."

Attest,     ANTHONY M. BARNELLE.

The attesting witness proved that he presented this account to the defendant on the 2d of May, next after its date. It was further shown, that the work to which the account refers, was performed by the plaintiff, upon a house erected in the city of Mobile for the defendant. That James S. Deas contracted in writing with the defendant for its erection; that Samuel Elliott was a sub-contractor of Deas, for the building of a part of the house; that the plaintiff was employed to work on the house by Elliott, and that his wages from the 9th December, 1841, until the house was finished about the first of February, thereafter, were unpaid. The plaintiff further proved, that on the 20th May, 1842, there was due from the defendant to Deas, from three to four hundred dollars, and at the same time due from Deas to Elliott about the same amount, all of which still remained unpaid. There was no evidence that a copy of the attested account was ever served by the defendant upon Deas or Elliott.

The Court charged the jury, that the act of the 9th of December, 1841, under which this action was brought, contemplated not only a notice to the owner, but a submission to arbitration; but left it discretionary with the owner to give the notice to his contractor or not; and if the owner, when served with an attested account, did not serve a copy upon his contractor, he could not be made liable under the act. That as the defendant did not give

such notice to his contractor he was not liable, and they must find a verdict in his favor.

And the Court upon the prayer of the plaintiff's counsel for instructions, refused to charge the jury, that it was the duty of the defendant, when served with an attested account, to furnish his contractor with a copy, and that, if he failed to do so, he made himself liable, and the plaintiff must recover.

K. B. SEWALL, for the plaintiff in error, insisted, that the statute should not receive the interpretation the Circuit Judge had given it. The owner is required to furnish his contractor with a copy of the account, and if he does not, as a necessary consequence he becomes liable to pay it. Such a construction should be given to the act, that every part of it may, if possible, be operative. [Dwarres on Statutes, 699.]

J. A. CAMPBELL, for defendant.

COLLIER, C. J.—It is conceded that this action is sustainable under the act of the 9th December, 1841, "For the better securing Mechanics in the city and county of Mobile." The first section of that act provides, that every mechanic, workman, or other person, doing or performing any work towards the erection, or construction, of any building in the city or county of Mobile, or who may have furnished materials of any description for the same, erected under a contract in writing or otherwise, between the owner and builder, whether such work shall be performed as journeyman, laborer, cartman, sub-contractor or otherwise, and whose demand for work and labor done and performed, or materials furnished towards the erection of such building, has not been paid and satisfied, may deliver to the owner thereof an attested copy of the amount and value of the work and labor thus performed, or materials furnished, the amount unpaid thereupon, the owner shall retain out of his subsequent payments to the contracter the amount of such work and labor, or materials, for the benefit of the person so performing the same.

The second section directs, that whenever an account as provided by the first, shall be placed in the hands of the owner, or his authorized agent, it shall be the duty of such owner or agent to furnish his or her contractor with a copy of such paper, so that

if there should be any disagreement between such contractor and his creditor, they may, by amicable adjustment between themselves, or by arbitration, ascertain the true sum due. If the contractor shall not, within ten days after the receipt of the account, give the owner written notice that he intends to dispute the claim, or if in ten days after giving such notice, he shall neglect or refuse to have the matter adjusted as above provided, he shall be considered as assenting to the demand, and the owner shall pay the same when due.

The third section prescribes the mode in which arbitrators shall be chosen, and their award made, if the contractor disputes the account of the journeyman, or other person, for work, &c.. and the matter cannot be amicably adjusted.

By the fourth section it is provided, that if the contractor shall not, within ten days after the matter shall be adjusted, pay the amount due the creditor, together with the costs incurred, the owner shall pay the same out of what he owes the contractor; and this amount may be recovered by the creditor from the owner in an action for money had and received, if he owed the contractor so much at the time the first notice was given, or if it subsequently accrued. The fifth and last section has no application to the present case, and consequently needs not be more particularly noticed.

We have thought it proper to recite this statute thus at length because it is peculiar, and the present is the first case that has arisen under it. The striking similarity of its provisions, with an act of the legislature of New York, passed in 1830, and applying to mechanics, workmen, or other persons doing work towards any building in the city of New York, very clearly indicates that that act was consulted in framing it. This being the case, the decisions of that State which determine the meaning of its statute, are particularly pertinent, and may aid us in ascertaining what construction should be placed upon ours; especially in a matter of doubt.

In Wood v. Donaldson, 17 Wend. Rep. 550, the question arose, whether the creditor of a sub-contractor could proceed by notice to the owner to recover his claim in the manner prescribed by the statute. The Court said, "if the *remote workman* under the sub-contractor, in whose contract he has no interest, and over which he can exercise no control, and which therefore may

be injudicious and extravagant for aught that he can do, can, by presenting his attested account to the owner, collect it, so far as any balance due the contractor exists in his hands, the whole fund may be exhausted, in spite of the contractor, though the job may have been but partially finished." To illustrate the injustice of such a construction, a hypothetical case is stated as follows : " A agrees to build B a house for $5,000, and sub-contracts it to C for $4,000. C, by improvident contracts, finds, when the work is half done, that he owes his workmen, and material men, the $4,000, and absconds. They present their attested accounts to the owner, who is bound " to retain out of his subsequent payments to the contractor, the amount of such work, &c:, for the benefit of the persons performing the same."

The Court admitted that the first section gave some countenance to the extended construction contended for. In its terms it includes every laborer upon the building, without auy limitation in respect to the persons who may have employed him, or the character of his contract. But it was said all the provisions of the statute must be consulted, and if possible construe the first section according to the intent of the legislature, as gathered from the entire enactment—making it all consistent and operative.

The statute of New York, in declaring who shall be entitled to its provisions, uses language almost identical with ours—certainly not more limited in its import, and the reasons assigned for refusing to the *creditor of a sub-contractor* the right to proceed by notice to the owner, &c., are of great force. To these we would however add, that as the act is introductive of a new remedy, entirely out of the ordinary course of procedure, its interpretation should be restricted ; especially where the adoption of a different rule would be likely to produce evils quite as great as any for which the statute was intended to provide.

It does not appear that the attention of the Circuit Court was called to the point we have considered, but it is explicitly stated upon the bill of exceptions prepared by the plaintiff's counsel, as well as by the attested account which the plaintiff furnished to the defendant, that he worked under the employment of a sub-contractor. The plaintiff himself has shown (from the view we have taken of the statute,) that he is not entitled to recover in the present case. He cannot therefore have been prejudiced by the

charge of which he complains ; for whether the instruction was given as prayed, or not, the jury should have returned a verdict for the defendant. This conclusion relieves us from the necessity of considering the legal questions discussed at the bar.

The result is, that the judgment of the Circuit Court is affirmed.