## CHAPMAN vs. CHAPMAN.

[ACTION AT LAW BY WARD AGAINST GUARDIAN.]

1. *Action not maintainable until settlement of guardianship.*—A ward cannot maintain an action at law against his guardian, for the use, income or profits of his property, which went into the guardian's possession under his appointment as such, until there has been a settlement of the accounts, and a balance has been struck.

2. *Error without injury.*—When the evidence shows that the plaintiff never can recover, the appellate court will not, at his instance, examine into the correctness of any of the rulings of the primary court adverse to him, since those rulings, even if erroneous, could not have injured him.

APPEAL from the Circuit Court of Talladega.
Tried before the Hon. JOHN GILL SHORTER.

THIS action was brought by the appellant, to recover the value of the services or hire of a slave belonging to him, which was alleged to have been in the defendant's possession, from the year 1838 to the year 1846, both inclusive. The defendant pleaded the general issue, payment, and set-off; and also two special pleas, which averred, in substance, that the slave went into his possession by virtue of his appointment by the orphans' court of Sumter, in March, 1836, as the guardian of plaintiff, who was then a minor, and that there never had been a settlement of his guardianship. The plaintiff demurred to these special pleas, but his demurrer was overruled.

The evidence adduced on the trial supported these pleas; but it further appeared that the defendant had never returned any inventory of the slave as the property of his ward, nor made any return to the court of the manner in which he had disposed of him, nor hired him out. The plaintiff reserved several exceptions to the rulings of the court on the evidence, but the opinion of the court renders it unnecessary to notice them.

The court · charged the jury, "that if the defendant received or held the said slave as his own, the plaintiff would be entitled to recover; but, if they believed from the evidence that the defendant, at the time he took possession of the slave, was the plaintiff's guardian, and that he received and held the slave as guardian, then the plaintiff could not recover in this action; " also, "that if they believed from the evidence that the defendant was appointed plaintiff's guardian at the time shown in the transcript read in evidence, and that the slave went into his possession after that time, then the law would presume, in this action, that he received him as guardian." The plaintiff excepted to these charges, and he now assigns them as error, together with the rulings of the court on the pleadings and evidence.

JAMES B. MARTIN, for the appellant.

PARSONS & WHITE, and JNO. WHITE, contra.

STONE, J.—In Chilton v. Cabiness, 14 Ala. 449–50, and in Vincent v. Rogers, at the January term, 1857, a principle was asserted, which must be regarded as decisive of this case on its main point.—See those cases, and the authorities therein cited; also, Kavanaugh v. Thompson, 16 Ala. 819.

We think that both principle and authority forbid that an action at law should be maintained by a ward against his guardian, for the use, income or profits of the property of the ward, which went into the possession of the guardian by virtue of his appointment as such, unless there has been a settlement of the accounts, and a balance struck.—1 Chitty's Pl. 38, 69; Lewin on Trusts and

Trustees, 631; Brown on Actions at Law, 275; *ib.* 555; Broome on Parties to Actions, 2,109; 2 Story's Equity, 1041.

We have found no authority, justifying a recovery, at law, in a case like the present. We think such a precedent would lead to most embarrassing results.

[2.] Under the principle above asserted, it is manifest the plaintiff never can recover in this action. We therefore decline to consider any other question.—Turcott v. Hall, 8 Ala. 522; Fant v. Cathcart, *ib.* 725; Smith v. Houston, *ib.* 726.

The judgment of the circuit court is affirmed.

WALKER, J., not sitting.