## COOPER'S ADM'RS *vs.* TILLMAN'S ADM'R.

[ACTION AT LAW BY PERSONAL REPRESENTATIVE OF DECEASED ADMINISTRATOR AGAINST ADMINISTRATOR DE BONIS NON.]

1. *Action does not lie by trustee against trust estate.*—The personal representative of a deceased administrator cannot maintain an action at law against a succeeding administrator *de bonis non* of the first intestate, to recover reimbursement for moneys paid out to an attorney-at-law on account of professional services rendered in and about the business of the administration, or to charge the estate with the payment of such services.

APPEAL from the Circuit Court of Russell.
Tried before the Hon. S. D. HALE.

THIS action was brought by the administrators of George Tillman, deceased, against the administrators *de bonis non* of Campbell Cooper, deceased, to recover "two hundred dollars due by account, for money paid on the 1st March, 1855, on account for the benefit of the estate of said Cooper, with interest thereon." The defendants pleaded, "in short by consent, 1st, that this court has no jurisdiction of the case, but the matter in controversy should have been determined and settled in the probate court; 2d, *non assumpsit;* 3d, payment; 4th, set-off; and 5th, the statute of limitations." The plaintiffs moved to strike out the first plea, and took issue on the others; but the record does not show what the action of the court on the motion was. The facts of the case, as disclosed on the trial, are thus stated in the bill of exceptions.

"The plaintiffs' intestate, George Tillman, was the former administrator of the defendants' intestate, and, as such, contracted with Mess. Baker & Lewis, attorneys-at-law, to pay them $75 for professional services to be by them rendered to him, as such administrator, from the time of the grant of letters to him up to his final return on said estate in the probate court; and said Baker & Lewis agreed, in consideration thereof, to render to him all such professional services as he might require in the probate court, as such administrator, up to said final return. Some days afterwards, Tillman applied to Baker, of the firm of Baker & Lewis, to attend the appraisement, and render such services as might be necessary. Baker gave him the necessary advice, and informed him that his presence at the appraisement would be useless and unnecessary. Tillman, however, insisted that he should go, and agreed, as such administrator, to pay him $25 additional if he would go; which terms Baker accepted, and attended the appraisement. Soon after the appraisement, and before the sale of the property belonging to said Cooper's estate, Tillman died, and the plaintiffs administered on his estate; and the defendants were afterwards appointed administrators *de bonis non* of Cooper's estate. Baker & Lewis afterwards sued the plaintiffs, as administrators of Tillman, and recovered judgment against them for $100, besides interest. This judgment was introduced as evidence by the plaintiffs, to prove that they had not paid said fees voluntarily; to which the defendants objected, and excepted to the overruling of their objection. It further appeared from the evidence, that Baker & Lewis, after Tillman's death, tendered their professional services to the defendants; but that the defendants declined them, and retained other counsel."

The court charged the jury, on this evidence, that if they found that Tillman, as administrator of Cooper, contracted with Baker & Lewis to pay them $75 for their professional aid and assistance in and about the business of said estate, from the beginning of his administration until the final settlement of the estate; and that such contract was a reasonable one, and would be a reasonable

compensation for the services to be rendered; and that the $25 charge was a reasonable compensation for the services rendered for which it was charged,—then they should find for the plaintiffs such charges, with interest thereon from the time they were due.

" The defendants excepted to this charge, and requested the court to instruct the jury as follows:

"1. That if they believed a contract was made by Baker & Lewis with Tillman, as administrator of Campbell Cooper, deceased, by which he was to pay them a certain sum for their services, then Tillman was personally liable to them on such contract.

"2. That if the plaintiffs, as administrators of Tillman, paid said sum to Baker & Lewis, this was in discharge of a personal liability of their intestate, and not a charge against the estate of the defendants' intestate.

"3. That if an administrator employs an attorney to assist him, he is individually liable to such attorney for his services, and not in his representative capacity; and that such charge and liability cannot, in a court of law, be enforced against the estate which he represents.

"4. That if Tillman, as administrator of Cooper, employed Baker & Lewis, he only was responsible to them at law; and if his administrators paid the debt, it then became (if a charge at all) an equitable charge against the estate of Cooper, which could not be enforced at law.

"5. That if Cooper's estate was responsible at all, at law, to the plaintiffs, it is only responsible in this action for the value of the professional services actually rendere said estate, with interest.

" 6. That this claim should have been adjudicated and settled in the probate court."

The court refused each one of these charges, and to each refusal the defendants excepted; and they now assign as error the charge given by the court, and the refusal of the several charges asked.

Jno. M. Phillips, for the appellants.

No counsel appeared for the appellee.

RICE, C. J.—The general rule is, that expenses, properly incurred by a trustee in the execution of his office as such, are treated as a charge or lien upon the trust estate; and that the trustee is entitled to reimbursement out of the estate, for all such expenses, when he has not only incurred, but has paid them. Conceding that expenses incurred by an administrator, under certain circumstances, and to a certain extent, in employing an attorney, may be treated as "expenses properly incurred by a trustee" within the meaning of the general rule; yet it is clear that *a court of law* is not the court to enforce such charge or lien, or to compel such reimbursement. In every suit to enforce such charge. or lien, or to compel such reimbursement, an accounting between the estate and trustee is necessary. To allow a court of law to entertain such suit, would be to hold that it had jurisdiction to take and state accounts between the trustee and the estate, and that there may be as many accountings between the trustee and the estate as there are demands created by him for the benefit of the estate. We are persuaded that such is not the law.—See Jones v. Dawson, 19 Ala. Rep. 672; Chapman v. Chapman, 32 Ala. 106; Vincent v. Rogers, at present term; Mulhall v. Williams and Wife, 32 Ala. Rep. 489.

It is clear that the claim asserted by the plaintiff in this case cannot be enforced in a court of. law. Whether it can be enforced in the court of probate, or in a court of equity, is a question not here presented for decision.

It is evident that the court below erred, at least, in the charge given, and in the refusal to give the 3d charge asked by the defendants; and without deciding expressly as to the correctness of its other rulings, the judgment must be reversed, and the cause remanded, for the errors above specified.