MoIlvaine, J.
The original action was brought under favor of section 233 of the act of March 23, 1840, “ to provide for the settlement of the estate of deceased persons,” as amended March 12, 1867 (S. & S. 354), which, in certain cases, gives a right of action against the heirs, devises and legatees of deceased persons, but provides, “ no such suit shall be maintained unless it be commenced within one year next after the time when the right of action first accrue,” &e. It is not disputed that this action was within the statute, if commenced within the time prescribed. If the prescribed time commenced running at the majority of the plaintiff, his action was barred; but if it commenced to run at the date of the *434 final settlement of his guardian, the action was brought within the time limited.
Before discussing the merits of the case, a preliminary question of pleading should be disposed of. Caroline Newton, a defendant below, filed an answer in the following form, to wit:
“ And now comes the said Caroline Newton, and for answer to the said petition says :
“ I. She denies that the said plaintiff’s pretended cause of action first accrued on the 15th day of March, a. d. 1878, but she avers, that if the same accrued at all, it was on the 2d day of July, a. d. 1876, the day said plaintiff arrived at his age of majority.
“ II. That said plaintiff’s pretended cause of action did not accrue within one year before the commencement of this action.”
It is contended that the court of common pleas erred in sustaining a demurrer to the second defence set out in this answer.
The demurrer was in the following form :
“Now comes the said plaintiff and demurs to the separate answer of the defendant Caroline Newton, filed herein, for the reason that the said separate answer of said defendant states no facts which constitute a defence to the allegation in the petition herein set out.”
We do not understand this answer as containing two defenses, but only one, to wit, the bar of the statute of limitations, stated in two paragraphs. The first paragraph contains the premise, and the second, a conclusion resulting therefrom, so that the sufficiency of the answer, as a whole, depends on the solution of the question as to the time when the plaintiff’s right of action first accrued — which, upon the facts stated, becomes a mere question of law.
The plaintiffs in error contend that “the right of action” of the plaintiff below first accrued to him at his majority, at which time he undoubtedly had a right to compel his guardian, by judicial process, to perform his duty, to wit, to make final settlement and payment. We hold, that the “right of action ” *435 meant by the statute is the right to prosecute a suit on the cause of action therein stated, and, as applied in this case, means a suit on the guardian’s bond. The right to sue on the bond, and the right 'to compel the guardian to render a final account are very different rights. The latter can be enforced only in the probate court, while that court has no jurisdiction over the former. Section 2 of the probate act (S. & C. 1212) gives to the probate court exclusive jurisdiction : “ To appoint and remove guardians, to direct and control their conduct, and to settle their accounts and by section 1, clause 4, of the act of March 26, 1872 (69 Ohio L. 50), it is made the duty of every guardian, “ at the expiration of his trust, fully to account for, and pay over to the proper person, all of the estate of his ward remaining, in his hands.” That the settlement of this final account is -within the exclusive jurisdiction of'the probate court is not disputed, but the claim of plaintiff in error is, that the failure to make the account and pay over the estate remaining in his hands, at the expiration of the trust, is a breach of the bond, for which a right of action immediately accrues to the ward. And in support of this claim, Bartlett v. Humphries, 7 Ohio, part 1, 223, is relied on, in which it was held, that a previous settlement of the accounts of a guardian was not necessary to an action on his bond. In that case, however, it was admitted that it had been settled by adjudications (3 Ohio, 225; 4 Ohio, 101, and 5 Ohio, 240), that an action on an executor’s or administrator’s bond would not lie until after settlement of accounts, in the absence of a statute on the subject ; yet as the legislature had subsequently adopted the rule as to executor’s and administrator’s bond, without including guardians, it was therefore held, that an action on a guardian’s bond might be maintained without a previous settlement of his accounts, in accordance with a practice which had obtained in respect to other official bonds, namely, in respect to an insolvent’s bond and a clerk’s bond (3 Ohio, 508; 6 Ohio, 150), cases, in which no accounting was required by statute. But Bartlett v. Humphries is of little or no weight on the question now under consideration, for, as we have shown by-reference to the act of March 26, 1872, every guardian is now *436 required, at the expiration of his trust, to file a final account in the probate court, “ fully to account for and pay overthat is, to account first, so that the amount in his hands may be judicially ascertained, and then pay over, &c.
The settlement made in the probate court of the accounts of the guardian shall be final between him and his ward, unless an appeal be taken to the court of common pleas, or the same be set aside for fraud or manifest mistake. Section 31, of Guardian’s Act, S. & C. 677. And section 33 of same act provides: “When any guardian has died, or may hereafter die, before the settlement in court of his or her guardianship account, it shall be the duty of the executor or administrator of such guardian to settle up said account in the same manner as such guardian ought to have done.”
If an accounting cannot be obtained from the guardian in the exercise of the power and jurisdiction of the probate court, we do not deny that an action on the bond against the makers may be prosecuted in a court of equity for an account and other relief; otherwise, such final accounting being a duty enjoined by law, and the enforcement of it being entirely within the jurisdiction of the probate court, a jurisdiction declared by statute to be exclusive, and that court performing a judicial function in finding the balance due upon such accounting under the power conferred upon it by statute, no action will lie against the guardian and his sureties on his bond as for a breach thereof, for any balance due from the guardian to his late ward, in a court of law, until such balance shall have been fixed by final settlement in the probate court.
That an accounting must precede judgment is clear from the fact that the amount of the judgment cannot otherwise be ascertained. Exclusive jurisdiction in the settlement of the account is given to the probate court. The probate court has no jurisdiction in an action on the bond. The statement of accounts in the probate court must be verified by the oath of the guardian — a requirement alike important to the sureties and the ward. The probate'court has control and direction of the conduct of the guardian throughout the administration of the trust. The amount of compensation allowed the guard *437 ian is fixed by tbe probate court. The finding of the probate court on the account is final between the parties, and in adjusting the account the probate court may call to its aid the services of a master. All these considerations show the wisdom and propriety of the rule which requires the settlement of guardians’ accounts by the probate court, — which, for that purpose, possesses all the powers of a court of equity,— instead of a jury, which does not possess such facilities.
The conclusion to which we have arrived is abundantly sustained by the authority of decided cases. See Anderson v. Maddox, 3 McCord, 237; Critchfield v. Hall, 56 N. H. 324; Robertson v. Robertson, 1 Root, 51; Bailey v. Rogers, 1 Greenleaf, 185; Stilwell v. Mills, 19 Johns. 203; Salisbury v. Van Hoesen, 3 Hill, 77; Probate Court v. Slason, 23 Vermont, 306; Chapman v. Chapman, 32 Ala. 106; Sebastian v. Bryan, 21 Ark. 447; O’Brien v. Strong, 42 Iowa 643; Raser v. Raser, 62 Pa. St. 436.
The defendants below in their answer alleged the negligence of the plaintiff, for eighteen months after he arrived at full age, in failing to compel his guardian to account in the probate court,-within which period the guardian became wholly insolvent ; whereby, they claimed, the sureties of the bond became and were discharged. This answer contained no defense, and was properly held to be insufficient, on demurrer.
The mere neglect of a creditor to bring suit on his claim for a period less than the time prescribed by the statute of limitations, does not discharge the sureties, although, in the -meantime, the principal debtor becomes insolvent. The guardian might have been compelled to account, after it became his duty to do so, at the instance of the sureties on the bond, as well as by the ward ; hence, the failure to compel the accounting was as much the negligence of the defendants as of the plaintiff. Chapin v. Livermore, 13 Gray, 561.
We find no error in the record. The right of the plaintiff to prosecute an action on his guardian’s bond to recover the amount of money due to him from the principal in the bond, first accrued to him when the amount was judicially ascertained by the probate court upon the settlement of the final account, *438 and the plaintiff below was guilty of no negligence which operated as a discharge of the sureties on the bond.

Judgment affirmed.