PINKSTON AND WIFE v. GREENE AND WIFE.

1. The master or mistress of a slave, when assaulted by another, may command the slave to aid in repelling the threatened injury; but the employment of such an instrument of defence, would of itself aggravate any injury which might result, and enhance the damages, unless the threatened danger was so imminent, as to render a resort to any means justifiable, or at least excusable, to prevent irreparable injury.
2. Before this Court can sustain a judgment of the Court below, when an error has been committed, it must be of such a nature, that it is impossible any injury could have accrued to the party against whom it was committed.

Error to the Circuit Court of Montgomery.

TRESPASS *vi et armis*, by the defendants against the plaintiffs in error.

The first count of the declaration, charges an assault and battery by the wife of the defendant upon the wife of the plaintiff.

The second count, charges the assault and battery to have been committed by a negro man named Bill, the slave of the defendant, by the command of his wife.

The defendants pleaded the general issue, and three other pleas, upon which issues of fact were taken ; and further pleaded—

5. *Actio non*, &c. &c., at, &c., the said Sarah Elizabeth made an assault upon the said Matilda, and would then and there have beat, bruised, and ill-treated the said Matilda, if she the said Matilda had not immediately then and there commanded and caused the said boy Bill, in said second count mentioned, being the servant and slave of said James K., immediately to defend her the said Matilda against the said Sarah ; whereupon, the said boy Bill did then and there, on the command aforesaid, defend her the said Matilda against the said Sarah, as he lawfully might do for the cause aforesaid, and in so doing, did necessarily and unavoidably a little beat, bruise, and ill-treat the said Sarah, doing no unneces-

sary hurt or damage to the said Sarah.  And so the said defendants say, that if any hurt or damage happened to the said Sarah, the same was occasioned by the said assault made by the said Sarah, and in said necessary defence of the said Matilda against the said Sarah ; which are the supposed trespasses in the said second count mentioned.

6. *Actio non,* &c.—because they say, that the said Sarah then and there, at, &c., made an assault upon one James P. Pinkston, an infant child of the said Matilda, and did then and there beat, bruise and ill-treat the said child; and the said Matilda immediately thereupon commanded and caused the said slave Bill, being a servant and slave of the said James K., to defend the said child against the said Sarah, as she might lawfully do, and in so doing the said slave did necessarily and unavoidably a little beat, bruise, and ill-treat the said Sarah, as he lawfully might do, for the cause aforesaid, doing no unnecessary damage to the said Sarah, the same being occasioned by the said assault of the said Sarah upon the said infant child of the said Matilda ; which are the supposed trespasses, &c.

7. *Actio non*—because they say, the said Sarah, at, &c., with force and arms, made an assault upon one James P. Pinkston, an infant child of said Matilda, and was then and there beating, bruising and ill-treating the said infant child, in breach of the peace of said State ; and to part the said Sarah from, and to prevent her from further beating the said infant child, the said Matilda then and there commanded and caused the said slave in said second count mentioned, being the servant and slave of said James K., gently to lay his hands upon the said Sarah, as he lawfully might do, for the cause aforesaid ; which are the same assaults, &c. &c.

To these three pleas the plaintiffs demurred, and the Court sustained the demurrer to the 5th and 6th pleas, and overruled it as to the 7th.  The defendant then pleaded over two pleas, in substance the same as the 5th and 6th, omitting all mention of the slave ; to which the plaintiff demurred, and the Court sustained the demurrer ; and issue being taken on the other pleas, the jury rendered a verdict for two thousand dollars, for which judgment was rendered.  The assignments of error bring up the judgment on the demurrers to the pleas.

ELMORE, for plaintiff in error, contended—That the Court erred in supposing that the defendant could not call on her slave to repel an assault, or to preserve the peace—That the question here was, not whether the slave was liable, criminally, for laying hands upon or striking a white person—That the act of the slave, by the command of his mistress, was her act, and if she would have been justified had she acted herself, she can justify acting by the slave.

BELSER, contra.—The fifth plea is not an answer to the declaration. The second count charges an assault and battery by the slave. The meaning of the plea of *son assault demesne* is, that the defendant struck in her own defence, which could not be necessary to repel an assault. (2 Salk. 641; 2 Wendell, 498; 1 Bay, 351: 25 Eng. C. L. 597.)

The defendant could not employ the slave in her defence, admitting the interposition of a white person would have been lawful. (Clay's Dig. 472; Meigs' R. 359; 2 Spears, 155; 1 Hawkes, 210; 1 Iredell, 86.)

The defendants have not been injured by the action of the Court, if erroneous, as they have had the benefit of the fifth and sixth pleas, upon the issue taken upon the seventh, and therefore the Court will not reverse for an error which has caused no injury. (3 Ala. 599; 7 id. 162.)

The servant cannot justify a beating in defence of his master's son, even by the command of his master. (1 Russell on Crimes, 569.)

ORMOND, J.—The principal objection made to these pleas is, that the defendant's wife could not lawfully employ the slave as an instrument in her defence. This argument is founded upon the necessary distinction, which it is alleged the law makes between free white persons and slaves, as it regards the right of self-defence—That a provocation, which, as between free white persons, would justify or excuse a resort to force, to repel an actual or threatened injury, would afford no excuse whatever to a slave under these circumstances—That he cannot repel force by force, but must trust to the law for his protection.

We shall not enter upon this delicate and important inves-

tigation.   How far a slave would be authorized to repel force
by force, when assaulted by a white person, or to what ex-
tremity he must be driven, before he may turn upon his as-
sailant, and become the aggressor, are questions which do
not arise upon these pleas.   Nor does any question arise
how far the domestic relation of master and slave will justi-
fy or excuse the latter in an assault and battery upon a white
person, in defence of his master or mistress, whether acting
by their command or not, because the slave is not proceed-
ed against in this action.   From his condition in society, no
damages could be recovered from him, and therefore, for such
an offence, if it be one, he could only be proceeded against
criminally.

One who commands a trespass to be committed, is a prin-
cipal in the act : the act of the slave, therefore, by the com-
mand of his mistress, is her act, and for all the consequences
attending it, she is as responsible as if committed with her
own hands.   The slave was, indeed, merely an instrument
in her hands, and is so considered in this action, which is not
for an assault and battery by the slave, but by the mistress.
From the degraded condition of the slave, as recognized and
established by our law, he is unfit to interpose in a difficulty
between white persons, especially females ; and therefore,
the employment of such an instrument of defence would, of
itself, aggravate the injury, and enhance the damages, unless
the threatened danger was so imminent as to render a resort
to any means justifiable, or at least excusable, to prevent ir-
reparable injury.

It is further urged, that the fifth plea is bad, because it al-
leges a battery to prevent a mere assault.   This objection is
not tenable.   An assault might be so violent as to threaten
instant danger, and justify or excuse a resort to force to ward
off or repel the apprehended injury.   Such is the language
of the plea, that to prevent a battery upon the defendant, she
commanded the slave to defend her, and in so doing, he un-
avoidably committed the assault and battery complained of.
This, if true, and if the battery was not excessive, and pushed
beyond the necessary defence of his mistress, constituted an
excuse.   If the plea was not true, issue should have been ta-
ken upon it, and if the plaintiff did make the first assault, but

the battery was carried beyond the bounds of reason and necessary self-defence, it should have been specially replied. [Bacon's Ab., Trespass, 618 ; 1 Chitty's P. 579.]

It is further contended, that although the Court erred in sustaining the demurrer to these pleas, this Court will not reverse, because the defendant could have had all the benefit which could have been derived from these pleas under the seventh plea, and has therefore sustained no injury by the erroneous action of the Court.

In McKenzie v. Jackson, 4 Ala. 230, a party pleaded a special plea and the general issue. The Court sustained a demurrer to the plea, and this Court refused to reverse, because the matter of the plea could have been, and was in fact, given in evidence under the general issue. In Rake's adm'r v. Pope, 7 Ala. 161; there was also a special plea and the general issue, and a demurrer improperly sustained to the former—this Court held, that the special plea amounted to the general issue, which being in, it was impossible that the action of the Court, if erroneous, could have prejudiced the defendant, as the plaintiff was compelled to make the same proof to sustain his action under the one plea, as under the other. In both of these cases it was, therefore, impossible that any injury could have accrued to the party against whom the error was committed, and that must be the state of things presented by the record, before this Court can undertake to say, that an error of the Court below has done the party against whom it was committed, no injury. [Shekan v. Hampton, at this Term.]

In this case, we cannot say that no injury has accrued from the suppression of these pleas. The seventh plea defends the interference of the slave, upon the ground, that a battery had been committed by the plaintiff, whilst the fifth plea justifies the command to the slave to interpose, to prevent a threatened injury. It is obvious that these pleas are entirely dissimilar, and that the testimony pertinent under one, would not sustain the other.

Let the judgment be reversed, and the cause remanded.