JONES *vs.* GRAHAM.

1. The second section of the act of 1848, "to provide for the appointment of inspectors and physicians of the penitentiary," confers upon the lessee and

inspectors jointly the power of appointing the physician; if the lessee fails to appoint within three days after the happening of a vacancy, the inspectors alone may fill the place: but if the lessee makes a nomination within such three days, which is rejected by the inspectors, he has a reasonable time (not exceeding three days) after the rejection, within which to make another nomination; an appointment by the inspectors alone, before the expiration of three days after the rejection, is void, and confers no authority on their appointee.

2.   Where the plaintiff's evidence is all set out in his bill of exceptions, and shows that he is not entitled to recover, the judgment in favor of the defendant will not be reversed, on error or appeal, no matter what may have been the rulings of the court below.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. NAT. COOK.

ASSUMPSIT by Nathaniel S. Jones against John G. Graham, who was the lessee of the penitentiary during the years 1848 and 1849, to recover the salary which plaintiff claimed to be due him as physician of the penitentiary during those years.— It is unnecessary to notice particularly the several rulings of the court to which the assignments of error relate, as they are not material to an understanding of the opinion.

ELMORE & YANCEY, for appellant.

WHITE & PARSONS, and N. S. GRAHAM, contra.

CHILTON, C. J.—By the second section of the act " To provide for the appointment of inspectors and physicians for the penitentiary," approved Feb. 3rd, 1848, "the physician of the penitentiary shall be appointed by the lessee, with the advice and consent of the inspectors; and the inspectors shall have power to remove any physician, at all times, for incompetency, or neglect of his duties as such physician; and when any vacancy occurs in the office of physician, which is not filled by the lessee as herein provided, within three days after the happening of such vacancy, the inspectors shall, on the fourth day, proceed to fill such vacancy."

It appears that, under the provision above copied, Graham, the defendant, on the 5th day of February, 1848, appointed Dr. A. R. Hutchinson to be the physician to the penitentiary ; said Graham then being lessee thereof. The

board of inspectors, then being in session, were advised of said appointment, and adjourned until the 8th of February, at which time the board again met, and by resolution refused to consent to the same.

The board met again on the 12th of February, 1848, and the lessee appointed Dr. T. W. Mason to be the physician; but a majority of the board refused to consent to his appointment, which, it appears from his evidence, was made on the 10th of February, two days before the board rejected it. A majority of the board of inspectors then, viz., on the 12th of February, proceeded to elect the plaintiff, Doctor Jones, as physician for the penitentiary, setting forth in their resolution, that the lessee had failed to make an appointment which met the approval of said board, and that the three days allowed him in which to make such appointment had expired.

The main question to be decided by us is, whether the board of inspectors had the right, on the 12th of February, 1848, upon the rejection of Doctor Mason, who was appointed on the 10th, to proceed and elect a physician, independently of the lessee.

It is quite clear, we think, that the object of the second section of the act above referred to was, to confer upon the lessee and the inspectors, jointly, the power to select the physician for the penitentiary; providing, however, for filling the place by the inspectors alone, if the lessee should fail to appoint within three days after the happening of a vacancy. By failing to make such appointment, the lessee would waive his right to do so after three days had elapsed, and then it might properly be exercised by the inspectors alone.

It is insisted by the counsel for the plaintiff in error, that the act was designed to prevent a struggle between the lessee and inspectors, in relation to the appointment of a physician, which might prove injurious to the sick; but we think this is a partial view of its object, and, if the construction contended for be correct, that the inspectors, by refusing to assent to any appointment made by the lessee within three days from the happening of a vacancy, should thereby possess the power of appointing over his head, it would conduce to bring about the very struggle, at least for three days, which the counsel think it was intended to prevent.

We repeat, the object was to obtain the concurrence of both the lessee and inspectors in making the appointment; and if one was made by the lessee within three days after the office became vacant, the inspectors did not, by his rejection, thereby entitle themselves to act independently of the lessee; but the latter had a reasonable time, after his rejection, not exceeding three days, within which to make another appointment. Indeed, the evidence introduced by the plaintiff, as shown in his bill of exceptions, being copies from the minutes of the proceedings of the board of inspectors in reference to these appointments, furnishes on the part of said board, a practical concession of the lessee's right to nominate after the expiration of three days from the time the vacancy first occurred; for more than three days elapsed between the period of Hutchinson's rejection and the action of the board on Mason's appointment. The fact that the inspectors did act on the appointment of Mason, aside from his positive proof that he was appointed by Graham on the 10th of February, shows that three days had not intervened between the rejection of the nomination of Doctor Hutchinson and the appointment of Doctor Mason.

Such being our view of the proper construction of this statute, it follows, that as the board of inspectors proceeded immediately, on Mason's rejection, to appoint the plaintiff Jones, thereby affording the lessee no opportunity of making another appointment, and there being no evidence in the record showing that Graham ever recognized his appointment, or called for his services as physician in the penitentiary, his appointment was void, and conferred upon him no authority to act.

This view is decisive of the whole case, as the facts show by the plaintiff in his bill of exceptions, and which are not controverted, clearly show that he was not entitled to recover, and the court would have been justified in charging the jury, that the procedings of the board of inspectors, as given in evidence by the plaintiff from their book of entries, show that the plaintiff was not entitled to recover, since his appointment by the inspectors, without the concurrence of the lessee, under the circumstances, was void.

The bill of exceptions sets out all the evidence; and there

was none conducing to show that Jones, the plaintiff, continued to act after his time had expired as penitentiary physician, in virtue of his old appointment. It says, he was the physician of the penitentiary for the two years preceeding the 5th day of February, 1848, and had not resigned or been removed, and that upon his election on the 12th of February, 1848, he entered upon the discharge of his duties, and continued to discharge them until the 18th of February, 1848. We repeat, that there is no proof conducing to show that he acted by the request, or with the approbation of the lessee, and consequently, no evidence to fix any liability on the lessee to pay for his services, if he rendered any, after the 5th of February, 1848 ; so that, deriving no right from his appointment, made on the 12th of February, 1848, the plaintiff, by his own showing, is not entitled to recover.— Such being the case, he has sustained no injury from the several supposed errors of which he complains.

The rule is well settled, that when it is obvious, from the proof furnished by the plaintiff himself, that he is not entitled to recover, no matter what may be the ruling of the court in respect to other matters involved in the cause, this court will not reverse a judgment rendered in favor of the defendant.—Turcott v. Hull, 8 Ala. 522; Smith v. Houston, *ib.* 737 ; Donley v. Camp, 22 *ib.* 659. It is unnecessary, therefore, for us to inquire into the errors which have been assigned as to the exclusion of the evidence and the charge given, &c.

We would observe, that the facts presented by the record now before us, are quite different from those presented when the case was before this court at a previous term, as regards the appointment of Doctor Jones.

There is no error in the record of which the appellant can complain, and the judgment is consequently affirmed.