Masterson v. Masterson.

---

## MASTERSON *vs.* MASTERSON.

|32|437|
|129|577|

[BILL IN EQUITY FOR SETTLEMENT OF PARTNERSHIP AND ADMINISTRATION.]

1. *Service of amended bill.*—The failure to perfect service of an amended bill is an error for which the chancellor's decree will be reversed, if any relief was obtained under the amendment; *secus*, where the only object of the amendment, which was filed after the cause was at issue as to all the defendants, was to allow creditors, if any, to come in and prove their demands against the estate sought to be settled, and it appears that none came in.

2. *What relief may be obtained on answer, without cross bill.*—Under a bill filed by the personal representative of two deceased partners, against the widow of one, and the sole infant heir-at-law and legatee of both the decedents, asking a settlement of the partnership accounts, and the direction of the chancellor in the administration of the two estates, the court may go on and settle the administrations, and render a decree in favor of the widow for her distributive share of her husband's estate, without a cross bill filed by her.

APPEAL from the Chancery Court at Mobile.

Heard before the Hon. WADE KEYES.

The material facts are stated in the opinion of the court.

Wm. G. Jones, for the plaintiff, Edward Masterson.

P. & T. A. Hamilton, for defendant, Jas. H. Masterson.

E. S. Dargan, for defendant, Mrs. Jane Masterson.

STONE, J.—The bill in this case was filed by Edward Masterson, against James H. Masterson, Jane Masterson, and Bishop Portier; the latter as trustee of James H. Masterson, who is a minor. Two appeals have been taken, one by the complainant, and the other by the defendants. There has been a severance of the defendants, and Mrs. Jane Masterson asks that the decree of the chancellor be affirmed. The complainant and the other two defendants severally assign errors. The questions here made are really but two:

1. Whether the state of the pleadings justified the final disposition of the cause;

2. Whether it was competent to decree in favor of Mrs. Masterson, in the absence of a cross bill by her?

The pleadings present the following state of facts: Under the original bill, service of subpœna was regularly perfected on each of the defendants. Mrs. Jane Masterson, and a guardian *ad litem* for James H. Masterson, filed answers to the original bill. Bishop Portier did not answer, and a decree *pro confesso* was taken against him. In this way, issue was regularly formed on the original bill. The object of the original bill was to settle a partnership, and the administration of the estates of the two partners; each of them having died, and the complainant being the personal representative of each.

The amended bill had but a single object—namely, to make the way possible for creditors of the firm, should there be such, to come in and prove their demands. The amendment did not aver that there were any creditors, and none came in. The amended bill was served on Mrs. Jane Masterson, but on neither of the other defendants. It is here contended, that the omission to form an issue on the amendment must work a reversal of the chancellor's decree.

We concede, that if any relief had been obtained on the amended bill, it would be our duty to reverse. Such,

however, was not the case. The amendment accomplished nothing, and the omission to perfect service was, at most, error without injury.—Jones v. Graham, 24 Ala. 450; Pinkston v. Gunn, 9 Ala. 19; Spivey v. McGehee, 21 Ala. 417; Gilmer & Taylor v. City Council of Montgomery, 26 Ala. 665. .

[2.] It is conceded that a defendant cannot, on his answer, obtain any relief, other than to be dismissed out of court.—Harris v. Carter, 3 Stew. 233; Cullum v. Erwin, 4 Ala. 452; Cummings v. Gill, 6 Ala. 562. This case, however, stands on a different principle. This bill was filed by the complainant, as the personal representative of both the partners, Luke and Hugh Masterson. The fact that the testators were partners, and the complication of the accounts growing out of the fact that the complainant is the personal representative of each of those partners, are the main grounds on which the peculiar equity of the bill rests. The objects of the bill, as disclosed by the averments and the *prayer for relief*, are to have the affairs of the partnership settled, and to obtain the direction of the court as to the distribution of the effects of the two estates. The relief granted is in strict accordance with the objects and prayer of the bill.

Another principle of equity jurisprudence vindicates the correctness of the course pursued by the chancellor. When the court rightfully obtains jurisdiction for one purpose, it will generally go on and do complete justice between the parties.—See Nelson v. Dunn, 15 Ala. 502; Prince v. Mitchell's Adm'r, 30 Ala. The court of chancery, in this case, rightfully obtained jurisdiction of these administrations to adjust the partnership accounts, and to direct the administrator in the matter of the distribution. Having proceeded thus far, it was the clear right, if not the duty of the court, to go on and do complete justice, by settling the administrations.

In any aspect in which we have been able to view this case, we think the record discloses no error of which either of the appellants can complain.

The decree of the chancellor is affirmed, at the mutual costs of the several adult appellants who have assigned errors in this court.