# McClenny *v.* Ward.

*Bill in Equity for Reformation and Foreclosure of Mortgage.*

1. *Amendment of original bill; notice to defendant.*—A defendant who is in default, and against whom a decree *pro confesso* has been entered on the original, bill, is nevertheless entitled to notice of a material amendment, alleging additional facts, and praying additional relief.

APPEAL from Henry Chancery Court.
Heard before Hon. JNO. A. FOSTER.

OATES & COWAN, for appellant.—1. The Chancery Court erred in allowing the amendments to the original bill without notice to the defendant as required by Rule of Chancery Practice No. 47, Subd. 3. *Holly v. Bass, adm'r*, 63 Ala. 387. (2.) The decree is erroneous because service of the amended bill was not perfected on the defendant. *Masterson v. Masterson*, 32 Ala. 437; *Alston v. Alston*, 34 Ala. 15. (3). There was error in the rendition of the final decree without decree *pro confesso* on amended bill.

D. C. BLACKWELL, *contra.*

CLOPTON, J.—The decree must be reversed, because of the failure to give the defendant notice of the amendment to the bill.

A decree *pro confesso* on the original bill was entered against the defendant on personal service. Afterwards an amendment was made to the bill, alleging that there was a misdescription of the land in the mortgage, which the bill was brought to foreclose, and seeking its reformation. The amendment was filed September 21, 1885; and on the next day, the cause was submitted for a decree, and a decree made reforming the mortgage. The defendant was required to answer the amendment; but the record does not show that any order was made that a notice that the bill had been amended should be entered on the order book, or that notice was so entered or otherwise given to the defendant. Though the defendant is in default on the original bill, notice of an amendment, alleging other material facts, and praying other and additional relief, should be given as provided by rule 47 of Chancery Practice; or by a summons

to answer. Without notice, a decree can not be regularly rendered on the amendment. *Holly v. Bass*, 63 Ala. 387 ; *Masterson v. Masterson*, 32 Ala. 437.

Reversed and remanded.