[J. C. Howton, et al. v. Martha Jordan, et al.]

# J. C. Howton, *et al. v.* Martha Jordan, *et al.*

*Bill to Enforce Vendor's Lien and for Sale of Common Property.*

Decided April 9, 1908. 46 South. 234.)

*Equity; Bill; Amendment; After Decree Pro Confesso; Notice.*— Where notice is not given of an application to amend a bill after a decree pro confesso has been entered, unless such amendment is applied for at the hearing in term time under rule 40, a decree entered upon the amendment made without notice is erroneous.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Bill by Martha Jordan and others against J. C. Howton and others, to enforce vendor's lien on an undivided interest, and for a sale of the common property. From a judgment for complainants, respondents appeal. Reversed and remanded.

A. S. VAN DEGRAAFF, for appellant. No compliance with chancery rules 40, 41 and 44 is shown. The defendant was not in default, and is not put in default by the recitals made in the decree pro confesso.—*McCluny v. Ward,* 80 Ala. 243; *Holly v. Bass,* 63 Ala. 387; *Alston v. Alston,* 34 Ala. 15; 32 Ala. 437. Under the English Chancery practice, the bill cannot be amended, even to the extent of correcting a clerical error without vitiating the proceeding and rendering the order useless.—1 Dan. Chan. Prac. 523 (5th Ed.) citing *Weightman v. Powell,* 2 De G. & S. 570; 12 Jur. 958. After a bill is materially amended where the defendant has failed to appear, the decree pro confesso taken on the same day, and without

[J. C. Howton, et al. v. Martha Jordan, et al.]

serving new process, is irregular.—*Harris v. Dietrich,*
29 Mich. 366.

MONTGOMERY & SMITH, for appellee.   The decree of
the court, Feb. 24, 1905, sustaining respondent's demur-
rers, allowed complainants the right, without notice to
file amendment of Feb. 28, 1905, and Nov. 4, 1905. They
were such amendments as contemplated by the said de-
cree, and sec. 706, Code of Alabama.—*Gayle v. John-
ston,* 80 Ala. 395; 16 South. 148; *McGee v. Alexander,
et al.,* 104 Ala. 116, 18 South.; *Smith v. Hill Carver Co.,*
107 Ala. 272.   The decree pro confesso against respond-
ents put the cause at issue.   On the 12th of Feb., 1907,
the cause being at issue, decree pro confesso against re-
spondents, it was not necessary to give respondent no-
tice of the proposed amendment filed of that day.—Sec.
713, Code of Ala.; Subd. 3, Rule 44 Chan. Prac.; Rule
40, Chan. Prac.

ANDERSON, J.—Conceding, without deciding, that
the various amendments to the bill of complaint were
permissible, it was error to allow the same without no-
tice to the respondents.   The only amendments which
are authorized under the rule without notice are those
applied for at the hearing in term time.—Rule 40. Rule
44 applies to notice of the allowance of amendments, and
not to the application for same.   There is nothing in the
record to indicate that any notice was given of the ap-
plication to make any of the amendments; nor that the
amendments were made, unless the summons served on
respondents' solicitor on April 11, 1906, had that effect
as to amendments allowed prior thereto.   But we find
an amendment made subsequent to that time, February
12, 1907, and no notice of the application for an allow-
ance of same.   The fact that a decree pro confesso was

entered did not dispense with notice of amendments sub-
sequently made, and it was reversible error to render a
decree on the amendmnt.—*McClenny v. Ward,* 80 Ala.
243; *Holly v. Bass' Adm'r,* 63 Ala. 387; *Masterson v.
Masterson,* 32 Ala. 437.

The decree of the city court is reversed, and the cause
is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., con-
cur.