# Rosenau *v.* Powell.

*Bill for An Accounting and to Declare a Deed Void.*

(Decided May 18, 1911.  55 South. 789.)

1. *Discovery; Statutory Provisions.*—The remedy given by Section
3135, Code .1907, is cumulative to the right of discovery previously
existing and implies a right to exhibit such interrogatories and have
them answered, although the bill waives answer under oath.

2. *Same; Filing.*—Under section 3136, Code 1907, where a com-
plainant places his interrogatories to the respondent in the official
custody of the register he does not lose his right to have them
answered although such officer does not indorse the same as his
duty requires.

3. *Same; Order Fixing Time to Answer.*—Under section 3136,
Code 1907, it is enough that a formal order in writing fixing the
time for answer was made, and a copy of same served on respon-
dent, though the order was not placed on the minute book of the
court.

4. *Same; Failure to Answer; Decree.*—On failure to answer inter-
rogatories within the time fixed, the provisions of section 3135, Code
1907, became operative, and under it a decree granting relief to
complainant means such a decree as may be proper in the then con-
dition of the cause, and hence authorizes a decree pro confesso, if
that is the only proper decree in the case at the time of the default.

5. *Appeal and Error; Harmless Error; Amendment to Prayer.*—
Where the relief given by the decree against the respondent in
default was authorized by the facts and the general prayer con-

tained in the bill error cannot be predicated on the allowance of an amendment which was only the addition of a special prayer, without notice.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Bill by M. E. Powell against D. L. Rosenau for an accounting and to declare a deed null and void. Judgment for complainant and respondent appeals. Affirmed.

JONES & PENICK, for appellant. The court was in error in rendering a decree pro confesso against the defendant. First, because interrogatories were never filed, and no order was made by the register requiring and fixing a time for answer. Sections 3135, 3136, Code 1907. The court erred in permitting the amendment. Sections 3126, 3127, Code 1907; Rules 40, 41, 42 and 44, Chancery Practice; *Holley v. Bass,* 63 Ala. 387; *McCluny v. Ward,* 80 Ala. 243; *Howton v. Jordan,* 152 Ala. 428.

P. B. TRAWEEK and E. L. CLARKSON, for appellee. The respondent was in default for failure to answer interrogatories, and the court properly entered a decree pro confesso.—Sections 3135 and 4055, Code 1907. There was no error in allowing the amendment, as the complainant was entitled to relief granted under the averments and prayer of the original bill—*Sharpe v. Miller,* 7 South, 701; *McDonald v. Finch,* 131 Ala. 85; 130 U. S. 684; 165 U. S. 358; *Kelly v. Payne,* 18 Ala. 371.

SAYRE, J.—In her original bill complainant (appellee) waived answer under oath. The bill was fully and properly answered. Afterwards complainant lodged with the register interrogatories requiring sworn an-

swer by the defendant. The register failed to mark the interrogatories filed, nor does he seem to have made any formal order upon the minute book of the court fixing the time within which they should be answered. However, he prepared duplicate notices to the defendant, reciting the fact that complainant had filed interrogatories, and notifying defendant that he had 65 days from date in which to answer them. On the same day one copy of the notice, along with a copy of the interrogatories, was served on the defendant by the sheriff of Tuscaloosa County; the other, with the sheriff's indorsement of service thereon, being returned into court, where it remains upon the file. On a day 75 days later the presiding judge passed a decree pro confesso in default of an answer to the interrogatories. Thereafter the court allowed the cause to proceed to a decree ascertaining the rights of the parties on the theory that the defendant was in contempt in failing to answer the interrogatories as shown by the decree. The question of controlling importance is whether the decree pro confesso was properly allowed.

The remedy given to complainant in chancery by section 3135 of the Code of 1907, which permits the complainant to exhibit interrogatories to the defendant and call upon him to answer the same, is culminative to the right of discovery which complainants have always had. It implies the complainant's right to exhibit interrogatories to his adversary, although answer under oath to the averments of the bill may have been waived when the bill was filed. The further provision is that, on the defendant's failure to answer "within such time as may be prescribed by the register, the court may, by attachment, compel him to answer, or may render a decree granting relief to the complainant, or may extend the time for such answers to be made." Section 3136 pro-

vides that: "Upon the filing of interrogatories * * * the register must issue a copy thereof which, together with a copy of the order of the register fixing the time for answering them, must be served upon the party to whom the interrogatories are propounded, or his solicitor, not less than sixty days before the expiration of such time."

It is objected to the validity of the decree pro confesso that it was without authority of law for the following reasons: (1) The interrogatories were not filed; (2) the register made no order; (3) the statute does not authorize a decree pro confesso.

1. The proceeding is statutory and its validity depends upon an observance of the statutory requirements. But in ascertaining the meaning of the statute we are not required to stick too closely to the bark of its language. The statute contemplates a filing of interrogatories by the complainant. The register's indorsement of the fact of filing is appropriate, of course, and should not be omitted. "Accordingly we find that filing a paper is now understood to consist in placing it in the proper official custody, on the part of the party charged with the duty of filing the paper, and the making of appropriate indorsement by the officer." But, "as was said in the case of *Holman v. Chevaillier,* 14 Tex. 337, where the law requires or authorizes a party to file a paper, it simply means that he shall place it in his official custody. That is all that is required of him. The party cannot be prejudiced by the omission of the officer to indorse the paper filed."—*Phillips v. Beene,* 38 Ala. 248; *Ex parte State ex rel. Stow,* 51 Ala. 69.

2. Much of the same considerations dispose of the second objection. The register did make a formal order fixing the time within which the interrogatories were to be answered. And perhaps he transferred the order

[Rosenau v. Powell.]

to the permanent records of the court. At any rate, the order was made in writing and a copy duly served upon the defendant. This was a compliance with the letter of the statute.

3. The statute provides that, in default of an answer, the court may render a decree granting relief to the complainant. Conceding that the court may in ordinary cases grant complete relief, appellant seems to say that a decree pro confesso is not complete relief, and is not therefore authorized by the statute. Prior to 1907 the articles of the Codes dealing with the subject of the examination of parties by interrogatories were limited to a definition of the procedure in cases at law. In the Code of 1907 notwithstanding the process in courts of equity for the identical purpose was elsewhere regulated sections 4049-4057 undertake, by interpolating "suits in equity" and "decrees and decrees pro confesso," to accommodate their procedure to courts of equity. The result is that some language is used which is wholly inapt to suits in equity, while other language is used which is equally inapt to suits at law. But the distribution of the language used to those subjects to which it properly relates can give rise to no difficulty. Section 4055 provides that decree or decree pro conconfesso may be rendered, if answers to interrogatories are not filed within 30 days after service of a copy. We take it that the provision of section 3136, which allows the party interrogated 60 days in which to answer, being the language used by the Legislature while it had its mind directed particularly to the subject of the proceeding as it was to be administered in the court of chancery, ought to prevail in that court. In other respects, the two statutes not being in conflict, effect must be given to all provisions found in either and appropriate to the procedure of the court in which the

cause is pending. And the language of section 4055 expressly authorizes decrees pro confesso. But we would reach the same conclusion without the aid of section 4055. Section 3135 authorizes a decree on failure to answer. This section was framed in view of the well-known practice of the chancery court and can mean only such a decree as may be proper in the then posture of the cause. The language is broad enough to include a decree pro confesso. Such was the only proper decree in this case at the time of the defendant's default, and there was no error in taking the bill as confessed.

But, subsequently and without notice to the defendant, the prayer of the bill was amended, and it is insisted that this was error infecting the final decree of relief rendered in accordance with the amended prayer. It is error to proceed to a final decree against a party in default on a bill which has been amended so as to change the issues between the parties or authorize relief different from or more extensive than that prayed in the original bill, unless notice has been given to the defendant or his counsel, or entered upon the register's order book for such time as the chancellor or register may direct.—Code Ch. R. 44, p. 1504; *Holly v. Bass,* 63 Ala. 387; *McClenny v. Ward,* 80 Ala. 243; *Howton v. Jordan,* 154 Ala. 428, 46 South, 234. Here the original bill contained a prayer for specific and general relief. The relief to be awarded is determined by the facts alleged in the bill.—*McDonnell v. Finch,* 131 Ala. 85, 31 South. 594. The fact that a bill contains a prayer for specific relief not authorized by the facts averred will not destroy its equity.—*Bledsoe v. Price,* 132 Ala. 621, 32 South. 325. Nevertheless a prayer for relief is essential to the equity of a bill, and, if it contains only a prayer for specific relief, the decree will go no further than the terms of the prayer require.—*Driver v. Fort-*

[Casey v. Bryce.]

ner, 5 Port. 9; *Rice v. Eiseman,* 122 Ala. 343, 25 South. 214. Under the general prayer the complainant may in the ordinary case have the relief authorized by the facts averred, although he may be mistaken in the special relief prayed.—*May v. Lewis,* 22 Ala. 646; *Munford v. Pearce,* 70 Ala. 452. It is not denied that the complainant was on the facts entitled to the relief awarded in the general prayer. The special prayer added by the amendment served only to call the chancellor's attention to the appropriate relief, a suggestion that might have been made at the bar, and was immaterial as affecting the equities of the bill or the relief to be rendered under the bill as originally framed. Error cannot be predicated of its allowance without notice.—*Masterson v. Masterson,* 32 Ala. 437.

Affirmed.

DOWDELL, C. J., and ANDERSON and MAYFIELD, J. J., concur.