## Rosenau *v.* Powell.

*Bill to Cancel Deed and for an Accounting.*

(Decided November 27, 1913.   63 South. 1020.)

1. *Appeal; Waiver on Appeal.*—Where the brief filed on submission of the cause by appellant insisted upon only one of the errors assigned, the other assignments are waived and cannot be taken advantage of by a supplemental brief.

2. *Same; Review; Presentation in the Court Below.*—In a suit to cancel a deed executed by complainant and her husband to respondent, and for an accounting by respondent to charge him with the rents and profits of the lands conveyed, and in case his grantees were bona fide purchasers, to recover the balance after deducting a mortgage due respondent, the claim that complainant was suing as a widow and not as the personal representative or executor of her deceased husband, the mortgagor, and hence was not entitled to a money decree against respondent in accordance with the prayer, should have been taken advantage of by demurrer in the lower court, and cannot be raised by assignments of error after an adverse decree.

3. *Equity; Default; Practice.*—Although defendant filed in answer yet defaulted in failing to answer interrogatories, a decree pro confesso was properly entered against him.

4. *Trusts; Constructive.*—Where a mortgagee through his own wrong acquired title to the mortgage property and conveyed it to bona fide purchasers, he is liable to a personal decree on the theory that he sold the property as a trustee ex maleficio.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Bill by M. E. Powell against D. L. Rosenau, and others, to cancel mortgage, for an accounting, and for other relief. From a decree for complainant respondent Rosenau appeals. Affirmed.

JONES & PERSON, for appellant. In the original brief counsel insist that complainant was not an administratrix and had no right or standing except in her capacity as widow, and can only recover what is authorized to be recovered by the widow. In a supplemental brief filed later, other assignments of error noted in

the opinion are discussed, but without further citation of authority.

P. A. TRAWEEK, for appellee.　The failure to raise the objection that the suit was not brought by the personal representative or executor in the court below by demurrer, was a waiver of the right to insist on it here. In any event, the widow clearly has the right to redeem, and is entitled to hold the appellant as trustee ex male ficio.—27 Cyc. 1807; 97 Ala. 361.　The respondent was in default for failure to answer interrogatories, and a decree pro confesso was properly entered against him. —66 Ala. 35; 61 Ala. 27; 2 Johns Ch. 270.　Complainant was entitled to have the rents and profits credited upon the mortgage.—59 Ala. 535; 73 Ala. 127; 76 Ala. 509; 77 Ala. 362; 78 Ala. 250.

McCLELLAN, J.—This is the second appeal in this cause.—*Rosenau v. Powell,* 173 Ala. 126, 55 South. 789. The court continues satisfied with the conclusions there announced.

The bill was exhibited by Mrs. Powell against D. L. Rosenau, William Riggs, and M. B. Thompson.　The purpose and object of the bill as finally amended was to cancel a certain deed, executed by complainant and her husband, John C. Powell, to Rosenau, and, under this theory of decreed relief, to effect an accounting of and for property received by Rosenau, whose then relation to complainant's husband was that of mortgagee; to have ascertained the true amount of the mortgage debt; to charge Rosenau with the rents and profits of the land (80 acres) after the possession passed to him and before his sale thereof to Riggs, who subsequently mortgaged the land to Thompson; to ascertain the value of the lands at the time of sale to Riggs, and, if

Riggs and Thompson were found to be innocent pur-
chasers for value, to require Rosenau to account for
the value so ascertained; and, after deducting the
amount due on the mortgage debt, to effect redemption
by complainant and cancellation of the mortgages de-
scribed in the bill, and a personal money decree over, if
a balance was found due. The court below concluded
to these general results: The cancellation of the deed,
as prayed; the adjudication that Riggs and Thompson
were innocent purchasers for value and without notice
of complainant's equities; the cancellation of the mort-
gages, as prayed; the rendition of a personal money de-
cree against D. L. Rosenau for $1,987.25, as ascertain-
ed on the reference held by the register.

This cause was submitted November 26, 1912, and
brief for appellant was delivered into the court with
the transcript, according to rule 10 of Supreme Court
practice. Seven errors were assigned on the record.
In the brief filed on the submission for appellant the
entire insistence for error affecting the decree in the
cause was, in substance, this: That the complainant,
as the widow, not suing as the personal representative
or executor of the estate of her deceased husband (the
mortgagor), was not entitled to a money decree against
Rosenau, in accordance with the theory of prayer, to
that end, of the amended bill.

On January 29, 1913—approximately two months
after the submission of the appeal—a "supplemental
brief for appellant was filed. This *supplemental brief*
contains an extended original discussion that is refer-
able to some of the assignments of error, particularly
that questioning the correctness of the register's find-
ing, on reference, in respect of the amount affording the
basis of the sum awarded in the money decree render-
ed against Rosenau.

In *L. & N. R. R. Co. v. Holland,* 173 Ala. 675, 693-696, 55 South. 1001, it was ruled, after full consideration, that a failure of an appellant to insist upon assignments of error in the brief filed on submission in this court was a then effective waiver of all assignments not insisted upon, and that a retraction of the waiver could not be subsequently effected by the filing of a *supplemental brief,* insisting upon assignments not urged in the brief, for appellant, filed at the time of submission in this court. That wholesome rule has due application in this instance, and it is applied to the end that consideration here can only be given the single question urged and argued, as stated before, in the brief filed at the time this appeal was submitted.

It is manifest that the single proposition thus urged should have been raised by demurrer to the amended (by the addition of special prayer) bill. None appears in the transcript. Indeed the respondent, Rosenau, after answer filed, made default by his failure to answer interrogatories propounded to him by complainant, and decree pro confesso was properly entered against him.—*Rosenau v. Powell,* 173 Ala. 123, 55 South. 789.

The legal basis of a money decree in this character of cause is the value or proceeds of the lands sold by a trustee ex maleficio to an innocent purchaser, and the profits with interest, derived by the trustee from the land pending his possession and before the sale to such purchaser, *less* the amount of the indebtedness secured by the mortgage or mortgages. The theory of the decree does not of course comprehend the *recovery* of the value of property taken during the life of a deceased husband; but in equity's process of adjusting and enforcing the rights involved, the values at any time received by the mortgagee and due to be credited on the

mortgage debt are necessarily · factors in determining the *amount* of the mortgage debt, whether it has been satisfied or not.

The decree is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.