## Smith, *et al. v.* Lambert.

### Bill to Remove Administration and for an Accounting.

(Decided May 18, 1916.   72 South. 118.)

1. **Infants; Amendment; Notice.**—Under subdivision 1, Chancery Rule 44, where the bill was against the widow, minor children of her deceased husband, and the administrator of his estate, and the record fails to show the actual presence of the minors in court in person, by solicitor, or by guardian ad litem at the time of the allowance of the amendment to the bill, the rendition of a final decree thereon without notice to the minors was reversible error as to them.

2. **Equity; Pleading; Amendment; Default.**—Under subdivision 3, Chancery Rule 44, the fact that a decree pro confesso was entered did not dis-

[Smith, et al. v. Lambert.]

pense with notice provided for by the rules of chancery practice, and by §§ 3124-3128 and 3133, Code 1907, of a material amendment subsequently made changing the issue, the purpose of the bill, and the relief authorized; the only amendments authorized by Rule 44 being those applied for at the hearing.

3. Notice; Pleading; Amendment.—Notice is necessary to perfect every amendment of which notice is required, and without it the cause will be reversed on appeal even though the chancellor and the counsel fail to note the omission at the hearing.

4. Same; Presumption.—Irregularity in the notice will not be presumed where the record in a chancery case recites that notice of an amendment was given.

5. Equity; Pleading; Amendment.—Where no time is specified by the chancellor or the register, the entry on the register's order book does not suffice as notice of the amendment under § 3133, Code 1907

APPEAL from Coffee Chancery Court.

Heard before Hon. W. R. CHAPMAN.

Bill by Mamie Lambert against Ora Smith and others to remove an estate from the probate to the chancery court, and an accounting. From a decree for complainants respondents appeal. Reversed and remanded.

W. W. SANDERS, for appellant.    J. A. CARNLEY, for appellee.

THOMAS, J.—The bill was filed on April 10, 1912, by Mamie Lambert against Ola Smith, widow of William T. Smith, deceased, and other named respondents, minor children of said decedent, and J. J. Dunnavant, as administrator of the estate of the decedent. It is averred that on September 19, 1908, J. J. Dunnavant was appointed by the probate court of Coffee county, Ala., as administrator of the estate of William T. Smith, deceased; that Dunnavant filed an inventory of the personal property of the estate, which was duly appraised and returned to said court on October 21, 1908, at the value of $1,913.50; that there was begun in said court a proceeding to set apart $1,000 of the insurance money and the homestead of the decedent as exempt to the widow, Ola Smith, and the minor children of the decedent, Eula, Otto, Thelma, and Ethel Smith, but that said exempt property was never so set aside; that said administrator has failed in his duties in prosecuting the due administration of the estate in the probate court, has not collected rents, nor accounted therefor, nor made any settlement of his administration. It is further averred that the real property of said estate aggregates amount 163 acres of land, of the value of $3,000, and that it cannot be equitably

divided or partitioned among the six joint owners without a sale thereof for division. The prayer of the bill is for the appointment of a guardian ad litem for the minor respondents, for the removal of the administration of the estate from the probate court to the chancery court of Coffee county, to require the administrator to account to the heirs of the estate for the moneys and properties coming into his hands as such administrator, for final settlement of the administration, and for a decree of sale of the property of the estate for the purpose of equitable division among the several joint owners, "after separating the amount exempt to the widow and minor children for the homestead, and the amount of personal property exempt to them out of said estate."

Demurrers filed by the respondents were overruled; and, the 30 days given for answer having elapsed without answer, a decree pro confesso was rendered against Ola Smith, the widow, and Louis Smith, an adult heir, defendants. J. J. Dunnavant, as said administrator, filed his answer. A guardian ad litem for the minor respondents was appointed and accepted the appointment. The record does not disclose an answer by such guardian ad litem for the minors, yet it is shown that such guardian ad litem entered into a written agreement as to taking testimony, and the note of submission of complainant was on answer of the guardian ad litem, J. N. Ham, for Otto, Eula, Thelma, and Ethel Smith, minors. The record further contains an interlocutory order, of date May 5, 1915, allowing complainant "to amend bill, which is done." This amendment made certain the description of the 36 acres "on south side" in the N. E. ¼ of the S. W. ¼ of section 8, township 7, range 22, and averred that there were 163 acres, more or less, of the lands in question. It amended the second paragraph of the bill by averring that complainant and each of the children of William T. Smith "is entitled to one-sixth undivided interest in and to the said lands, subject to the lower interest in said lands of Ola Smith," and amended the fourth paragraph, by striking therefrom the averment of the failure of the administration in the administration of the estate. It amended also the prayer of the bill, by striking therefrom the qualification "that after separating the amount exempt to the widow and minor children for the homestead, and the amount of personal property exempt to them out of said estate," and by striking the prayer for an accounting and final settlement by the administrator.

[Smith, et al. v. Lambert.]

The amendment was material, substantially affecting the purpose of the bill. The consent for the amendment, the order of publication of testimony, the submission for final decree, and the rendition of that decree were of date May 5, 1915. No order was entered for notice of the amendment to be given to the adult respondents, or to the guardian ad litem for the minor respondents.

The appeal is by all of the respondents, Ola Smith, the widow, the adult heir, and the minor children, by their guardian ad litem, J. N. Ham. The several and separate assignments of error challenge the action of the chancellor in allowing a material amendment of the bill, and rendering final decree thereon, without notice to the respondents.

(1) The note of submission was by complainant alone, there being no representation of respondents at the submission. The actual presence of respondents in court, either in person, or by solicitor, or by guardian ad litem, at the allowance of the amendment, is not shown; the very submission of complainant is on the answer of the guardian ad litem for the minors, notwithstanding it is silent as to such actual presence in court and as to notice of such material amendment. The record should show an appearance, throughout the trial to the final decree, of the minor respondents.—Chancery rule 44, Code 1907, p. 1540; *Gayle v. Johnston*, 80 Ala. 395. Construing chancery rule 44 (1), Code of 1907, Chief Justice STONE said: "Rule of practice No. 47 provides that, 'where the defendants who have answered are actually present in court, either in person or by their solicitors or guardians ad litem, at the allowance of the amendment, they shall be deemed to have notice thereof.' The amendment in this case was by interlineation in ink of a different color, and was allowed in term time, February 17, 1885. The entries on the record made at that time fail to show the defendants were actually present in court, in person or by their solicitors. The guardian ad litem for the infant answered, and the other defendants failed to answer, the amendment. On the 25th of May, 1885, a decree pro confesso was entered up by the register against the defendants, who had answered the original bill, but had failed to answer the amendment. In this decretal order, the register recites that the said defendants, Anna M., Thomas G., and Billups J. Gayle, 'were present in open court and had notice of the allowance of such amendment.' The evidence on which this recital was based is not shown by the record. As we have said, the order by which

the amendment was allowed makes no mention of the actual presence of the defendants, either by themselves or counsel. The register could not rightfully consult his personal recollection of what had occurred, nor should he have received extrinsic evidence of the fact.—*McDougald v. Dougherty*, 39 Ala. 409, 431. There was no legal evidence that the three defendants named—the only adult defendants who had answered—were actually present in court when the amendment was allowed, and the decree pro confesso was improperly granted. This question, however, should have been raised before the chancellor, and cannot be raised here for the first time."

The rendition of the decree without notice was reversible error as to the minor respondents.

(2) As to the respondents who were in default subdivision 3 of chancery rule 44 has application: "All parties who, at the allowance of an amendment, shall be in default, shall be deemed to have notice thereof, after a notice that the bill has been amended shall have been entered on the order book for such time as the chancellor or register may direct."—Code 1907, p. 1540.

In *Howton, et al. v. Jordan, et al.,* 154 Ala. 428, 46 South. 234, Justice ANDERSON said: "The only amendments which are authorized under the rule without notice are those applied for at the hearing.   *   *   *   The fact that a decree pro confesso was entered did not dispense with notice of amendments subsequently made, and it was reversible error to render a decree on the amendment."

In *McClenney v. Ward*, 80 Ala. 243, the amendment, as in the instant case, was to correct a misdescription of the land sought to be sold, and it was held a material amendment. In the amendment in the case at bar, not only was the description as to the 35-acre tract corrected, but the calling to account and final settlement of the administrator was abandoned, the prayer for separating the exemptions to the widow and minor children of homestead and personal property was stricken, and the third paragraph was amended to aver that the lands were subject to the dower right of the widow; and the amended prayer asked a sale of the lands without reference to these matters. Thus the amendments were material as to the widow and the adult and minor children of the decedent. The issue between the parties was changed, and a different relief authorized.—*Rosenau v. Powell,* 173 Ala. 123, 128, 55 South. 789; *Howton, et al. v. Jordan, et*

al., *supra; Holly v. Bass,* 63 Ala. 387; *Masterson v. Masterson,* 32 Ala. 437.

(3, 4) Notice is necessary to perfect every amendment of which notice is required; and without it the case will be reversed on appeal, even though the chancellor and counsel failed to note the omission at the hearing.—Sims' Ch. Pr. § 235, p. 236; *Alston v. Alston,* 34 Ala. 15, 23; *Christian v. Christian,* 119 Ala. 521, 24 South. 844; *South. H. B. & L. Ass'n v. Riddle,* 129 Ala. 562, 577, 29 South. 667. If, however, the record recites that notice was given, irregularity in the notice will not be presumed.—*Berney Nat. Bank v. Guyon,* 111 Ala. 491, 505, 20 South. 520. In the *Guyon Case* the record recited: "After notice to defendant, by leave of court, complainants * * * amended their bill," etc.

In the case at bar the record is silent as to such notice, and does not disclose the actual presence of the respondents, who were not in default, either in person, or by their solicitors or guardian ad litem; and no effort to comply with subdivision 2 of rule 44, by service of notice on the resident respondents who were not in court, is shown.

(5) By chancery rule 40 it is provided that, when application for an amendment is proposed under section 3126 of the Code, the opposite party shall be served with a copy of the proposed amendment, with notice of the time when the application will be made; "but when the application is made in term time, one day's notice shall be sufficient, and when the motion to amend is made at the hearing in term time, no notice shall be necessary, but the chancellor may postpone the hearing of the motion, as justice may require. Where a defendant is in default for want of an answer, the notice will be sufficient if entered on the order book of the register, as directed by section 3133 (713) of the Code, for the number of days required by this rule." And section 3126 of the Code provides for amendments at any time before final decree, to meet any step of the evidence which will authorize relief, on such terms as the chancellor may impose, "and if an amendment be allowed at the hearing to bill or answer, the party against whom the amendment is allowed shall be entitled to a continuance as a matter of right."

When the several rules of chancery practice, and provisions of the statute as to amendments, are considered together, as providing a procedure that is expeditious, and at the same time just to the parties litigant, it cannot be maintained that a material

amendment changing the issue between the parties, together with the purpose of the bill and the relief authorized, should be made without the notice prescribed by the statute.—*McClenny v. Ward, supra; Holly v. Bass, supra;* Sims. Ch. Pr. § 363.

(6) In *Rosenau v. Powell, supra,* this court recently held that it is error to proceed to final decree against a party in default, on a bill which has been amended so as to change the issue between the parties or to authorize relief different from that prayed in the original bill, unless notice has been given to the defendant or his counsel, "or entered upon the register's order book for such *time* as the chancellor or register may direct." If no time is specified by the chancellor or register, the entry on the register's order book would not suffice as notice.

The decree is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.