# Baumhauer *v.* McGill.

### Assumpsit.

(Decided January 9, 1917.  73 South. 753.)

1. **Appeal and Error; Assignment; Waiver.**—The failure to insist upon an assignment either in brief or oral argument will be treated as a waiver of such assignment.

2. **Contract; Consideration.**—A promise to pay for medical services rendered to another is sufficient consideration, although the consideration did not move to the promisor; detriment to the promisee in the performance of service and loss of time being sufficient valuable consideration.

APPEAL from Monroe Law and Equity Court.
Heard before Hon. W. G. McCORVEY.
Assumpsit by T. C. Baumhauer against J. I. McGill.  Judgment for defendant and plaintiff appeals.  Reversed and remanded.

HYBART & BIGGS, for appellant.  BARNETT & BUGG, for appellee.

EVANS, J.— (1, 2) This suit is on the common counts. There are four assignments of error, but only one of them, the fourth, is noticed in appellant's brief, which consists of a single sheet of paper, not prepared, however, in accordance with the rule.  Those assignments not noticed in the brief will be treated as waived.—*Rosenau v. Powell*, 184 Ala. 396, 63 South. 1020. The fourth assignment is addressed to the second written charge given at the instance of appellee, which reads as follows: "Gentlemen of the jury, you must be reasonably satisfied from the evidence in this case that J. I. McGill promised to pay Dr. Baumhauer for the services rendered for Austin Sims in this case, and that the promise grew out of a consideration moving to said McGill; otherwise you must find for the defendant."

Appellant bases his right of recovery on a contract claimed to have been made by him directly with the appellee, whereby appellee contracted for him to render medical services to one Austin Sims, the beneficiary of appellee's bounty.  In this aspect of the case, it was not, as charged, a sine qua non to recovery

"that the promise grew out of a consideration moving to said McGill;" it was sufficient though the consideration did not "move" or inure to the benefit of McGill, but for the benefit of a party not privy to the contract.—9 Cyc. 316 (4) ; 6 R. C. L. § 274. It is thus expressed in 1 Elliott on Contracts, § 252: "While the consideration must move from the promisee at the instance of the promiser, it is not necessary that the promisor be the recipient of it. It need not pass directly to the latter, but under the prevailing rule may move from the promisee to a third person at the promisor's request."

The detriment to the promisee in the performance of services and loss of time was a sufficient valuable consideration.

In view of the erroneous instruction, the judgment of the trial court must be reversed, and the cause remanded for another trial.

Reversed and remanded.